IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

MARIO CHEERS                                                                                    PETITIONER

V.                                                                                         NO. 3:03CR09-03

UNITED STATES OF AMERICA                                                               RESPONDENT

**ORDER**

Petitioner Mario Cheers, a federal prisoner, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has responded in opposition to the motion, and the parties have also submitted supplemental arguments addressing recent appellate court decisions in this context. Having considered the pleadings and the record, including the relevant parts of the underlying criminal case, the Court finds that an evidentiary hearing is unnecessary,[1] and the instant motion will be denied.

On May 30, 2003, following his guilty plea, Cheers was convicted of armed bank robbery and brandishing a firearm in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii). [Docket entry 41 at 1]. After finding that Cheers was a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2, this Court sentenced him to a term of 403 months' imprisonment. This court reached this conclusion after adopting the finding of the presentence report that he had at least two qualifying prior convictions in Tennessee that supported the career offender enhancement.

---

[1]An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

1

In the instant motion, petitioner argues that, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is no longer a career offender because his prior Tennessee convictions for aggravated robbery no longer qualify as "crimes of violence." In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). In so doing, the Supreme Court wrote that the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557.

In his motion, petitioner seeks to use *Johnson* to invalidate one count of his conviction and also to argue that his sentencing as a career offender was unlawful. This court first addresses petitioner's argument that, since the residual clause of § 924(c) is similarly worded to § 924(e), the former provision must be struck down as unconstitutionally vague and his conviction on the § 924(c) count set aside.[2] In arguing that he is actually innocent of this count, petitioner argues that:

> The § 924(c) count of conviction alleged that Mr. Cheers used a firearm during and in relation to a "crime of violence." Specifically, the count alleged that an underlying "crime of violence" for the § 924(c) charge was armed bank robbery. However, post-*Johnson*, armed bank robbery categorically fails to qualify as a "crime of violence." Therefore, Mr. Cheers is actually innocent of the § 924(c) offense, and his conviction on this count cannot be sustained. . . .
>
> The relevant portion of § 924(c) defining a "crime of violence" has two clauses. The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause. The other – § 924(c)(3)(B) – is commonly referred to as the residual clause. The

---

[2]In his motion, petitioner actually discusses the sentencing issues first, but this court prefers to address the underlying conviction issues before addressing any sentencing issues.

> § 924(c) residual clause is materially indistinguishable from the ACCA residual
> clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck
> down as void for vagueness. It follows that the § 924(c) residual clause is
> likewise unconstitutionally vague.

[Motion at 13].

Thus, petitioner argues that § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson*, but this court finds this argument to be defeated by a recent Fifth Circuit decision. In *United States v. Garcia*, 857 F.3d 708, 711 (5th Cir. 2017), the petitioner, like Cheers in this case, argued that his conviction under 18 U.S.C. § 924(c)(1)(A) for possessing, brandishing, or discharging a firearm "during and in relation to any crime of violence" should be set aside. Like petitioner, Garcia argued that his § 924(c) conviction was unconstitutionally vague in light of *Johnson*, "depriving [him] of fair notice as to the content [of] his offense under the due process clause." *Id.* The Fifth Circuit squarely rejected this argument, writing that:

> In [*Johnson*] the Supreme Court held that a somewhat similar provision, the
> residual clause of 18 U.S.C. § 924(e), was unconstitutionally vague. However, our
> Court subsequently held that 18 U.S.C. § 16(b), which contains wording almost
> identical to that of § 924(c)(3)(B), is not unconstitutionally vague. *United States
> v. Gonzalez–Longoria*, 831 F.3d 670, 674–77 (5th Cir. 2016) (en banc), petition
> for cert. filed (U.S. Sept. 29, 2016) (No. 16–6259). To preserve this issue for
> further review, Garcia argues that *Gonzalez–Longoria* was wrongly decided. But
> because Garcia concedes that *Gonzalez–Longoria is* controlling, we affirm his
> conviction under § 924(c).

*Garcia*, 857 F.3d at 711.

The Fifth Circuit had previously reached a similar conclusion in *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017), and, in light of this adverse precedent, petitioner concedes in his amended petition that his argument on this issue "is contrary to Fifth Circuit law." [Amended petition at 16]. In so conceding, Cheers notes the possibility that a case currently pending before the U.S. Supreme Court might conceivably overrule the Fifth Circuit's approach in this

context, *see Sessions v. Dimaya*, Supreme Court No. 15-1498, but, at this juncture, this court is clearly bound by Fifth Circuit precedent on this issue. This court finds *Garcia* and *Jones* to be directly on point, and it therefore concludes that petitioner's argument that his § 924(c) conviction should be set aside is without merit.

This court next addresses petitioner's argument that, in light of *Johnson*, his sentencing as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2 must be set aside. In so arguing, petitioner asserts that in light of *Johnson* "the identical residual clause in the career offender provision . . . is also void for vagueness." [Motion at 1]. In addressing this issue, this court must first consider a recent U.S. Supreme Court decision which casts a long shadow in this context. On March 6, 2017, the Supreme Court issued a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that the U.S. Sentencing Guidelines, including U.S.S.G. § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. The Supreme Court concluded that, unlike the residual clause in the ACCA (which it considered in *Johnson*), the Guidelines do not fix the range of sentences allowed, but instead guide the court's discretion in determining the appropriate sentence. *Id.* at 892. The Supreme Court accordingly held that "the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." *Id.*

Importantly, however, the Supreme Court in *Beckles* did not address the issue of whether its holding applied to defendants who were sentenced under the *mandatory* guideline scheme which prevailed prior to the U.S. Supreme Court's 2005 decision in *United States v. Booker,* 543 U.S. 220, 160 L. Ed. 2d 621 (2005). This fact is of crucial importance in this case, since Cheers was sentenced in 2003. As noted by Justice Sotomayor in her concurrence,

4

> The Court's adherence to the formalistic distinction between mandatory and
> advisory rules at least leaves open the question whether defendants sentenced to
> terms of imprisonment before our decision in *Booker*—that is, during the period
> in which the Guidelines did "fix the permissible range of sentences," ante, at
> 892—may mount vagueness attacks on their sentences. That question is not
> presented by this case and I, like the majority, take no position on its appropriate
> resolution.

*Beckles*, 137 S. Ct. at 903 n.4.

If the Fifth Circuit should conclude that *Beckles* applies to sentences made prior to *Booker*, then that alone would, presumably, be sufficient to defeat Cheers' § 4B1.2 arguments in this case. For the purposes of this motion, however, this court will join other district judges who have assumed that *Beckles* is not, in fact, applicable to defendants who were sentenced prior to *Booker*. See, e.g. *United States v. William Wise Mock,* 2017 WL 2727095, at *4 (E.D. Wash. June 23, 2017); *United States v. Costello*, 2017 WL 2666410, at *2 (S.D. Ohio June 21, 2017); *Reid v. United States*, 2017 WL 2221188, at *5 (D. Mass. May 18, 2017). This court agrees with these district courts that the basic rationale underlying *Beckles* applies only to an *advisory* guideline scheme which was simply not present at the time Cheers was sentenced in this case. This court will therefore not apply *Beckles* in this case, and it will instead proceed to the merits of petitioner's arguments on the vagueness issue.

In arguing that the residual clause of § 4B1.2(a)(2) is void for vagueness, petitioner writes that:

> In light of the Supreme Court's recent decision in *Johnson*, Mr. Cheers is no
> longer a career offender because his prior Tennessee convictions for aggravated
> robbery no longer qualify as "crimes of violence." In *Johnson*, the Supreme Court
> struck down the residual clause of the ACCA, as unconstitutionally vague. It
> follows from *Johnson* that the identical residual clause in the career offender
> provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness.

[Petitioner's motion at 1].

For its part, the government does not outright concede that § 4B1.2(a)(2)'s residual clause is void in light of *Johnson*, but it does acknowledge that the clause was heavily amended in response to *Johnson*. In light of this fact, the government does not appear to defend the validity of the original residual clause, writing instead that petitioner "qualifies as a career offender . . . without resorting to the questionable residual clause." This court agrees that, in pre-*Booker* cases (presumably) unaffected by *Beckles*, the validity of the residual clause of the original § 4B1.2(a) is very much in question. However, this court likewise agrees with the government that Cheers qualifies as a career offender under § 4B1.2(a) even without recourse to its residual clause.

Although it has since been heavily amended, the relevant version of § 4B1.2(a) provided that:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
> 1) Has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> 2) Is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

In considering this provision, it is helpful to first note certain nomenclature applicable to it. As noted by the government, the definition set forth in (1) is referred to as the "elements" clause; the non-italicized offenses listed in (2) are called "enumerated offenses," and the italicized words found in (2) have come to be known as the "residual" clause. Once again, it was the ACCA's identically-worded version of the latter clause that was held void for vagueness in *Johnson*.

In his brief, petitioner argues that, assuming that § 4B1.2(a)'s residual clause is void in light of *Johnson:*

6

> [T]he only remaining question here is whether Mr. Cheers's prior convictions qualify as a "crimes of violence" under the "enumerated offenses" clause or "elements" clause of the career offender provision (U.S.S.G. § 4B1.2(a)). They do not qualify as a "crimes of violence" under the enumerated offenses clause because they are not generic burglary of a dwelling, arson, extortion, or use of explosives offenses. Likewise, they do not qualify as a "crimes of violence" under the elements clause because they 1) do not have as an element the use, attempted use, or threat of violent physical force, and/or 2) they do not require the intentional use, attempted use, or threatened use of violent physical force. Accordingly, Mr. Cheers does not qualify as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a).

[Petitioner's motion at 1-2].

While petitioner is correct that, at the time of his sentencing, the main text of 4B1.2(a) did not list "robbery" as an enumerated offense, both sides acknowledge that the provision's Commentary (referred to as an "Application Note") did so. Petitioner argues that the language of this Application Note should not be considered in this case, writing that "crimes that are enumerated in the Commentary to the Guidelines, but not in the body of the applicable Guidelines provision itself, cannot be considered crimes of violence in the career offender analysis." [Motion at 10]. Predictably, the Government argues that the language of the Application Note should, in fact, be considered, and this court has previously agreed with this argument. In *Beckworth v. United States of America*, 2016 WL 4203510,*5 (N.D. Miss. Aug. 9, 2016), this court, in finding that the language of the Application Note was relevant in this context, wrote that "aggravated assault was listed as an enumerated offense in the Application Note to § 4B1.2(a)(2), indicating that the drafters of the Guidelines clearly believed it to be a crime of violence."

Importantly, the Fifth Circuit very recently appeared to endorse the government's (and this court's) position on this issue. In its July 14, 2017 decision of *United States v. Deal*, the

Fifth Circuit cited the commentary to the former §4B1.2 in finding that "Texas robbery qualifies as an enumerated crime of violence under the former commentary to § 4B1.2." 2017 WL 3012556, at *1 (5th Cir. July 14, 2017), citing *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380-81 (5th Cir. 2006). It thus seems clear that, contrary to petitioner's argument, this court may consider the fact that "robbery" is listed as a covered offense in the former § 4B1.2's Application Note in deciding whether his Tennessee convictions for aggravated robbery qualify as enumerated crimes of violence.[3]

Under Tennessee law, aggravated robbery is "(1) robbery accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon, or (2) robbery where the victim suffers serious bodily injury." Tenn. Code Ann. § 39-13-402. This court can discern no good argument as to why this crime would not fit within the scope of "robbery" as set forth in the prior commentary to §4B1.2. In arguing otherwise, petitioner writes that:

> Under the plain language of the statute, a person may be convicted of robbery simply by placing someone in fear. The statute does not even require that the victim be specifically in fear of bodily injury. Under the aggravated robbery statute, a person may be convicted simply by putting a person in fear through brandishing a weapon or making a person believe that he has a weapon, or by causing serious bodily injury.

[Motion at 12].

---

[3]The Fifth Circuit's decision in *Deal* was released after the parties' original briefing, and this court, through its staff, notified counsel of that decision via email so that they might address it if they wished to do so. Petitioner did not mention the decision in his amended petition, however, and he has thus offered this court no basis upon which it might find *Deal* to be inapplicable here.

Thus, petitioner contends that § 39-13-402 "does not even require that the victim be specifically in fear of bodily injury," but this assertion strikes this court as being questionable at best. As quoted above, the Tennessee statute does require that (absent serious bodily injury) the robbery be "accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." In the court's view, if a victim believes that the individual robbing him is in possession of a deadly weapon, then the resulting fear on his part would clearly be fear that, if he did not submit, he would suffer bodily injury, up to and including death. This court can frankly discern no good argument otherwise. This court therefore concludes that petitioner's Tennessee convictions for armed robbery are properly considered enumerated offenses under § 4B1.2(a) and, therefore, that it properly determined that he was a career offender in sentencing him in this case. This court therefore concludes that petitioner's § 2255 lacks merit, and it will therefore be denied.[4]

**Certificate of Appealability**

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Beckworth must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For

---

[4]In light of this court's findings and the Fifth Circuit authority discussed above, it has been unnecessary for it to expressly discuss the government's argument that the elements clause of § 924(c) and § 4B1.2(a) support his conviction and sentence. After reviewing these arguments, however, this court concludes that they constitute additional reasons for denying petitioner's motion, for essentially the reasons asserted in the government's brief.

9

cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in § 2255 proceeding). The Court finds that a COA should issue in this case.

It is therefore ordered that petitioner's motion for § 2255 relief is denied.

So ordered, this, the 11th day of September, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**